UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>(1) WUESLEY PELAEZ VELA;<br>(2) WINSTON YU;<br>(3) MARIA GODOY CAZORLA;<br>(4) SAMNANG MAO;<br>(5) STAR SIRIKHOM; and<br>(6) JOSE MEDINA,<br><br>Defendants | Criminal No.   22cr10188<br><br>Violations:<br><br>Count One: Money Laundering Conspiracy<br>(18 U.S.C. § 1956(h))<br><br>Count Two: Conspiracy to Distribute and to Possess with Intent to Distribute 50 Grams or More of Methamphetamine<br>(21 U.S.C. § 846)<br><br>Counts Three and Four: Distribution of and Possession with Intent to Distribute 50 Grams or More of Methamphetamine; Aiding and Abetting<br>(21 U.S.C. §§ 841(a)(1) and 841(b)(1)(A)(viii); 18 U.S.C. § 2)<br><br>Count Five: Conspiracy to Distribute and to Possess with Intent to Distribute 400 Grams or More of Fentanyl<br>(21 U.S.C. § 846)<br><br>Drug Forfeiture Allegation:<br>(21 U.S.C. § 853)<br><br>Money Laundering Forfeiture Allegation:<br>(18 U.S.C. § 982(a)(1)) |

INDICTMENT

COUNT ONE
Money Laundering Conspiracy
(18 U.S.C. § 1956(h))

The Grand Jury charges:

From in or about August 2019 through at least in or about February 2022, in the District of

1

Massachusetts, and elsewhere, the defendants,

           (1) WUESLEY PELAEZ VELA,
             (2) WINSTON YU, and
         (3) MARIA GODOY CAZORLA,

conspired with each other and others known and unknown to the Grand Jury to conduct and attempt to conduct financial transactions, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity, and which in fact involved the proceeds of specified unlawful activity, that is, the distribution of controlled substances, in violation of Title 21, United States Code, Section 841, and knowing that the transactions were designed, in whole and in part, to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

COUNT TWO
Conspiracy to Distribute and to Possess with Intent to Distribute
50 Grams or More of Methamphetamine
(21 U.S.C. § 846)

The Grand Jury further charges:

From at least in or about March 2021 through at least on or about June 15, 2021, in Malden, in the District of Massachusetts, and elsewhere, the defendants,

(2) WINSTON YU,
(4) SAMNANG MAO, and
(5) STAR SIRIKHOM,

conspired with each other and other persons known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count Two involved 50 grams or more of methamphetamine, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to this Count.

It is further alleged that, with respect to Count Two, 50 grams or more of methamphetamine, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (2) WINSTON YU, (4) SAMNANG MAO, and (5) STAR SIRIKHOM.

Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(viii) is applicable to defendants (2) WINSTON YU, (4) SAMNANG MAO, and (5) STAR SIRIKHOM.

All in violation of Title 21, United States Code, Section 846.

COUNT THREE
Possession with Intent to Distribute
50 Grams or More of Methamphetamine
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii))

The Grand Jury further charges:

On or about June 15, 2021, in Milton, in the District of Massachusetts, and elsewhere, the defendant,

(5) STAR SIRIKHOM,

did knowingly and intentionally possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(A)(viii).

## COUNT FOUR
Distribution of and Possession with Intent to Distribute
50 Grams or More of Methamphetamine; Aiding and Abetting
(21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii); 18 U.S.C. § 2)

The Grand Jury further charges:

On or about June 15, 2021, in Boston, in the District of Massachusetts, and elsewhere, the defendants,

(2) WINSTON YU and
(4) SAMNANG MAO,

did knowingly and intentionally distribute and possess with intent to distribute 50 grams or more of methamphetamine, a Schedule II controlled substance.

All in violation of Title 21, United States Code, Sections 841(a) (1) and (b)(1)(A)(viii), and Title 18, United States Code, Section 2.

## COUNT FIVE
Conspiracy to Distribute and to Possess with Intent to Distribute
400 Grams or More of Fentanyl
(21 U.S.C. § 846)

The Grand Jury further charges:

From in or about October 2021 through in or about November 2021, in the Central District of California, in Boston, in the District of Massachusetts, and elsewhere, the defendants,

(1) WUESLEY PELAEZ VELA and
(6) JOSE MEDINA,

conspired with each other and with other persons known and unknown to the Grand Jury to knowingly and intentionally distribute and possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1).

It is further alleged that the offense charged in Count Five involved 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to this Count.

It is further alleged that, with respect to Count Five, 400 grams or more of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, a Schedule II controlled substance, were reasonably foreseeable by, and are attributable to, (1) WUESLEY PELAEZ VELA and (6) JOSE MEDINA. Accordingly, Title 21, United States Code, Section 841(b)(1)(A)(vi) is applicable to defendants (1) WUESLEY PELAEZ VELA and (6) JOSE MEDINA.

All in violation of Title 21, United States Code, Section 846.

## DRUG FORFEITURE ALLEGATION
(21 U.S.C. § 853)

1. Upon conviction of the offenses in violation of Title 21, United States Code, Sections 841 and 846, set forth in Counts Two through Five, the defendants,

> (1) WUESLEY PELAEZ VELA,
> (2) WINSTON YU,
> (4) SAMNANG MAO,
> (5) STAR SIRIKHOM, and
> (6) JOSE MEDINA,

shall forfeit to the United States, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such offenses.

2. If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 21, United States Code, Section 853, as a result of any act or omission of the defendants --

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

   e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 21, United States Code, Section 853.

## MONEY LAUNDERING FORFEITURE ALLEGATION
(18 U.S.C. § 982(a)(1))

1.  Upon conviction of the offense in violation of Title 18, United States Code, Section 1956(h), set forth in Count One, the defendants,

> (1) WUESLEY PELAEZ VELA,
> (2) WINSTON YU, and
> (3) MARIA GODOY CAZORLA,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), any property, real or personal, involved in such offense, and any property traceable to such property.

2.  If any of the property described in Paragraph 1, above, as being forfeitable pursuant to Title 18, United States Code, Section 982(a)(1), as a result of any act or omission of the defendants --

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intention of the United States, pursuant to Title 18, United States Code, Section 982(b), incorporating Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of the defendants up to the value of the property described in Paragraph 1 above.

All pursuant to Title 18, United States Code, Section 982(a)(1).

A TRUE BILL

_____
FOREPERSON

_____
LEAH B. FOLEY
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF MASSACHUSETTS

District of Massachusetts: July 28, 2022

Returned into the District Court by the Grand Jurors and filed.

_____
DEPUTY CLERK